In the Matter of the Claim of H. Ellsworth Bogart, Appellant, against Shepard-Niles Crane & Hoist Corporation and the Utica Mutual Insurance Company, Respondents. State Industrial Board, Respondent.

Third Department, September 28, 1938.

*Olin T. Nye* and *LaFayette W. Argetsinger, Jr.,* for the claimant, appellant.

*Hart, Senior & Nichols* [*Raymond F. Nichols* of counsel], for the respondents.

Rhodes, J. On November 11, 1935, claimant was engaged as a structural steel and iron worker by the employer herein, its business being the manufacture of cranes and hoists at Montour Falls, N. Y.

The Board has found that on that date and while engaged in the regular course of his employment, and while picking up a rail weighing between 200 and 300 pounds, he placed same on a skid and he suffered an acute dilation of the heart; that such injuries were accidental and arose out of and in the course of his employment.

Neverthless, the Board refused the award and the reason therefor appears in its decision as follows: " Written notice of injury was not given to the employer within the time prescribed by section 18 of the Workmen's Compensation Law and the claimant's failure to give such timely notice of injury was not excused for the reason that there exist no grounds for the excuse of such failure to give written notice of injury and by reason of such failure to give such written notice of injury, the employer was deprived of an opportunity to provide competent medical attention and an opportunity to make a timely investigation."

By section 18 referred to, failure to give written notice to the Commission and to the employer within thirty days after accident or death bars recovery unless the Board excuses such failure to give notice for any of the grounds stated in the section as permitting such excuse.

The reasons thus stated by the Board for its refusal to excuse failure of written notice herein indicate that it has overlooked certain testimony in the record to the effect that the employer had actual notice of claimant's injury within a short time after the accident.

Lee C. Wells testified that he was an overseer for the company, and that claimant worked in his gang. He further testified: " Q. When did it first come to your attention he had been hurt and received an injury? A. Well, it was a few days afterwards, because he didn't come on the next morning. Q. But you learned he had received an injury and had gone home, didn't you? A. No, not until a couple of days afterwards. Q. Well, a couple of days after you did learn it? A. I did."

Under the section referred to it rests solely with the Board to determine whether failure to give notice shall be excused, but so far as our observation extends, based on the records in similar appeals to this court, it has been the usual practice to excuse failure to give written notice where the employer had actual notice of the injury within the time limited. We, therefore, assume that the evidence above pointed out escaped attention below, and for this reason the matter is remitted for further consideration, with costs to the appellant against the State Industrial Board.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Decision reversed and matter remitted to the Board for further consideration, with costs to the appellant against the State Industrial Board.